MARY H. PHILLIPS
12144 Neal Lane
Redding, California 96003
Telephone: (530) 355-9125

Plaintiff Pro Se

FILED
DEC 01 2011
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARY H. PHILLIPS,

    Plaintiff,

v.

VICTOR COMMUNITY SUPPORT SERVICES, INC.,

    Defendant.

Case No.

**Civil Rights – Employment Discrimination**

**DEMAND FOR JURY TRIAL**

2:11 - CV - 3182 GEB CMK PS

Complaint Filed:
Trial Date:

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Mary H. Phillips who was adversely affected by such practices. Defendant Victor Support Community Services, Inc., discriminated against Ms. Phillips by not accommodating her disability and by discharging her based on her disability and in retaliation against PHILLIPS for complaining of the discrimination.

///

///

///

## JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, Federal Question Jurisdiction. The jurisdiction of this Court is invoked to secure protection of and redress of the deprivation of rights guaranteed by federal law.

2. Venue is proper in the United States District Court for the Eastern District of California because the unlawful employment practices alleged herein were committed in the State of California, in the County of Shasta, within the jurisdiction of this Court.

3. All complaints and/or wrongful actions alleged herein were committed within the jurisdiction of this Court and plaintiff has exhausted her administrative remedies.

## INTRADISTRICT ASSIGNMENT

4. This action is appropriate for assignment to the Sacramento Division of this Court because the unlawful employment practices alleged were committed within Shasta County, within the jurisdiction of the Sacramento Division.

## PARTIES

5. Plaintiff Mary H. Phillips ("PHILLIPS") is an adult female and qualified individual with a disability who resides in the Eastern District of California, and at all times mentioned herein was an employee of Defendant Victor Community Support Services, Inc. ("VICTOR").

6. VICTOR has continually been a California corporation and has continually had at least 15 employees.

7. At all times mentioned herein, VICTOR has been a covered entity under the Americans with Disability Act of 1990 ("ADA").

///
///
///
///

## STATEMENT OF CLAIMS

8. Since at least October 2008, VICTOR has engaged in unlawful employment practices at its Redding, California facility, in violation of Section 102 of Title I of the ADA, 42 U.S.C. section 12112(a). These practices have included but are not limited to discharging PHILLIPS because of her disability and in retaliation against PHILLIPS for complaining of disability discrimination, and failing to accommodate her disability.

9. PHILLIPS suffers from chronic lung issues, and upon returning to work from a lung-related surgery to work in October 2008 she immediately began being told by her new supervisor that there were unspecified "issues" with her work.

10. In January 2009, PHILLIPS was terminated for the unspecified "issues," and after hiring an attorney to contest the dismissal PHILLIPS was reinstated but demoted to a non-supervisory position.

11. Following her reinstatement and demotion PHILLIPS was required to miss significant additional amounts of work due to her disability, including a hospitalization for a week in April 2009 due to contracting pneumonia. After her discharge, she was required to miss at least 10 additional days of work due to recurring bouts of pneumonia over the next six months.

12. On more than one occasion while she was out due to her disability, VICTOR failed to notify PHILLIPS' clients that she would be unable to make appointments due to illness even though VICTOR would notify clients of other employees. Even worse, VICTOR used these incidents as a basis to impose work-related discipline against PHILLIPS by issuing written warnings to her for not notifying clients on at least two occasions.

///
///
///

13. During the same period, although VICTOR decreased PHILLIPS' hours to 32 hours per week as an ostensible accommodation to her disability, at the same time VICTOR actually increased the caseload of PHILLIPS to a level which PHILLIPS advised was impossible for her to complete in 32 hours on a weekly basis, causing PHILLIPS a significant amount of stress and forcing her to work considerably more than the 32 hours she was being paid for in order to properly service her clients.

14. Also during this time PHILLIPS was required to have weekly individual supervision plus one monthly group supervision while similarly situated employees were only required to have one monthly individual supervision plus one monthly group supervision.

15. In September 2009 PHILLIPS received an extremely unfavorable evaluation primarily on the basis of not closing files from the same supervisor who she began having problems with in October 2008, and in discussing the evaluation and the failure to close files the supervisor acknowledged that the failure by PHILLIPS to close the files was due to the significant absences caused by her medical condition.

16. However, instead of accommodating her medical condition in good faith, VICTOR terminated the employment of PHILLIPS on or about November 3, 2010, on the basis of the aforementioned two written warnings in conjunction with an allegation that PHILLIPS did not maintain a current license to perform her work in spite of the fact that her license was current.

17. The effect of the actions complained of above has been to deprive PHILLIPS of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

///
///
///

1. 18. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of PHILLIPS.

**PRAYER FOR RELIEF**

WHEREFORE, PHILLIPS prays for judgment against VICTOR as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For punitive damages according to proof; and
4. For other and further relief as the court deems proper.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

DATED: November 28, 2011

By _____
Mary H. Phillips
Plaintiff Pro Se

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of California

| | | |
|---|---|---|
| MARY H. PHILLIPS | ) | |
| *Plaintiff* | ) ) ) | |
| v. | ) | Civil Action No. |
| VICTOR COMMUNITY SUPPORT SERVICES, INC. | ) ) ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Victor Community Support Services, Inc.
2561 California Park Drive
Chico, California 95927

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Mary H. Phillips
12144 Neal Lane
Redding, California 96003

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____     _____
*Signature of Clerk or Deputy Clerk*