UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY PHILLIPS, | No.  2:11-cv-03182-TLN-CMK |
| Plaintiff, | |
| v. | **FINAL PRETRIAL ORDER** |
| VICTOR COMMUNITY SUPPORT SERVICES, INC., | TRIAL DATE:  May 12, 2014<br>TIME: 9:00 a.m. |
| Defendant. | |

This Court held a Final Pretrial Conference on October 3, 2013.  Plaintiff's counsel Derek Anderson and Wendell Phillips present.  Defendant's counsel Michael Bishop and Jason Yang present.  After hearing, the Court makes the following findings and orders:

I.     **JURISDICTION / VENUE**

Jurisdiction is predicated upon 28 U.S.C. § 1331, pursuant to Plaintiff's claim for relief under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101.  Jurisdiction and venue are not contested.

II.    **NON-JURY TRIAL**

Both parties have waived their demands for a jury trial.  Accordingly, this matter will be tried by the Court.

**III.    UNDISPUTED FACTS**

The following facts are undisputed:

(a) the defendant is an entity covered under the ADA;

(b) the plaintiff has a disability within the meaning of the ADA;

(c) the plaintiff requested and defendant granted accommodations due to plaintiff's disability;

(d) the plaintiff engaged in conduct protected under the ADA;

(e) the plaintiff was subjected to adverse employment action at the time, or after, the protected conduct occurred; and

(f) defendant is responsible for the acts of its employees, agents, directors, and officers performed in the scope of authority on behalf of defendant.

**IV.    DISPUTED FACTUAL ISSUES**

The remaining disputed factual issues for trial are:

(a) The defendant's decision to discharge the plaintiff was based upon a lawful reason;

(b) the plaintiff's disability was a motivating factor in the defendant's decision to discharge the plaintiff;

(c) the plaintiff is a qualified individual within the meaning of the ADA;

(d) the defendant could have made additional reasonable accommodations that would have enabled the plaintiff to perform the essential functions of the job;

(e) there was a causal link between the protected activity engaged in by plaintiff and the adverse employment actions taken against plaintiff;

(f) the plaintiff's protected conduct was a motivating factor or the cause of the adverse employment actions taken against plaintiff;

(g) whether the plaintiff suffered any damages; and

(h) whether the plaintiff made reasonable efforts to mitigate her damages.

**V.    WITNESSES**

The parties list the following prospective witnesses:

(a) Mary Phillips. The plaintiff may be reached through Derek T. Anderson, APC, 1850

1   Fifth Avenue, San Diego, California 92101;

2   (b) Melanie Bosworth, 818 Oakmont Drive, Redding, California 96003;

3   (c) Marcy Cates, 351 Hartnell Avenue, Redding, California 96002;

4   (d) Denise Craig, 226 Gurnsey Drive, Red Bluff, California 96080;

5   (e) Trinda Dailey. Ms. Dailey can be reached though Matheny Sears Linkert & Jaime,

6   LLP, 3638 American River Drive, Sacramento, California 95853;

7   (f) Michael Elterman, PO Box 701, Cottonwood, California 96022;

8   (g) Deborah Engs. Ms. Engs can be reached through Matheny Sears Linkert & Jaime,

9   LLP, 3638 American River Drive, Sacramento, California 95853;

10   (h) Rachel Freemon, 3300 Chum Creek Road, Redding, California 96002;

11   (i) Melissa Gandy, 2174 Sageway Drive, Redding, California 96003;

12   (j) Dorothy Hart, 7092 Granada Drive, Redding, California 96002;

13   (k) Dawn Haskins, 4515 Chico Street, Shasta Lake, California 96019;

14   (l) Suzanne Haynes, 4648 Oakglen Drive, Redding, California 96001;

15   (m) Toni Heideman, 12144 Neal Lane, Redding, California 96003;

16   (n) Heidi Herold, M.D., Expert Witness, 2515 Park Marina Blvd., Suite 103, Redding,

17   California 96001;

18   (o) Sharon Hoffmaister, 12599 Los Osos Street, Redding, California 96003;

19   (p) Janey Huffman, 21818 Old Alturas Road, Redding, California 96003;

20   (q) Anthony Lombard, 1697 Mill Street, Anderson, California 96007;

21   (r) Thomas MaGee, EEOC, 350 The Embarcadero, Suite 500, San Francisco, California

22   94105;

23   (s) Vicki McDonald, 2460 Breslauer Way, Redding, California 96001;

24   (t) Jubin Merati, Ph.D., Expert Witness, 11453 National Blvd., Los Angeles

25   (u) PMK re licensure of Mary Phillips, Bureau of Behavioral Sciences, 1625 N. Market

26   Blvd., Suite S-200, Sacramento, California 95834;

27   (v) Jill Ratliff, 100 Fairfax Court, Crescent City, California 95531;

28   (w) Cathy Rayden, 3638 American River Drive, Sacramento, California 95853;

3

(x) Maria Rodriguez-Roa, 151 Washington Street, Red Bluff, California 96080;

(y) Doug Scott. Mr. Scott can be reached through Matheny Sears Linkert & Jaime, LLP, 3638 American River Drive, Sacramento, California 95853;

(z) Wendy Scott, 1646 Ferry Street, Anderson, California 96007;

(aa) Darlene Turner, EEOC, 350 The Embarcadero, Suite 500, San Francisco, California 94105;

(bb) Jarrod Walsh, 1305 Madewood Lane, Redding, California 96002;

(cc) Jennifer Waltman, 2750 Russell Street, Redding, California 96001;

(dd) Paul Werner, 21 La Colina Terrace, Anderson, California 96007; and.

(ee) Roxanna Zelesny, 974 Chemise Way, Redding, California 96002;

Each party may call a witness designated by the other.

A.      No other witnesses will be permitted to testify unless: (1) the party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Final Pretrial Conference, or (2) the witness was discovered after the Final Pretrial Conference and the proffering party makes the showing required in section B below.

B.      Upon the post-pretrial discovery of witnesses, the attorney shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses so that the Court may consider at trial whether the witnesses shall be permitted to testify. The evidence will not be permitted unless: (1) The witnesses could not reasonably have been discovered prior to pretrial; (2) the Court and opposing counsel were promptly notified upon discovery of the witnesses; (3) if time permitted, counsel proffered the witnesses for deposition; (4) if time did not permit, a reasonable summary of the witnesses' testimony was provided by opposing counsel.

## VI.    EXHIBITS-SCHEDULES AND SUMMARIES

Plaintiff expects to offer at trial:

(a) documents included in plaintiffs initial disclosures;

(b) documents listed in defendant's initial disclosures; and

(c) documents obtained in response to discovery in this matter, including deposition

exhibits.

Defendant expects to offer at trial:

(a) employment records for the plaintiff;

(b) written communications between the plaintiff and the defendant's employees;

(c) job description for Clinician on behalf of the defendant;

(d) written communications to the defendant's employees regarding the plaintiff's medical condition and the need for leave; and

(e) documents listed in the defendant's and the plaintiffs initial disclosures and documents obtained in response to discovery in this matter, including deposition exhibits.

**Plaintiff's exhibits shall be listed numerically. Defendant's exhibits shall be listed alphabetically.**[1] The parties shall use the standard exhibit stickers provided by the Court Clerk's Office: pink for Plaintiff and blue for Defendant. After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)") to reduce confusion during the trial. All multi-page exhibits shall be fastened together and each page within the exhibit shall be numbered. All photographs shall be marked individually. The list of exhibits shall not include excerpts of depositions which may be used to impeach witnesses.

Each party may use an exhibit designated by the other. In the event that Plaintiff and Defendant offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is first identified. The Court cautions the parties to pay attention to this detail so that all concerned will not be confused by one exhibit being identified with both a number and a letter.

A. The Court will not permit introduction of other exhibits unless: (1) the party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Scheduling Conference, or (2) the exhibit was discovered after the Pretrial Scheduling Conference and the proffering party makes the showing required in paragraph "B" below.

B. Upon the post-pretrial discovery of exhibits, the attorneys shall promptly inform the Court and opposing counsel of the existence of such exhibits so that the Court may consider at

---

[1] Note that this is altered from the discussion at the final pretrial conference.

trial their admissibility. The exhibits will not be received unless the proffering party

demonstrates: (1) the exhibits could not reasonably have been discovered prior to pretrial; (2) the

Court and counsel were promptly informed of their existence; (3) counsel forwarded a copy of the

exhibit(s) (if physically possible) to opposing counsel. If the exhibit(s) may not be copied, the

proffering counsel must show that he or she has made the exhibit(s) reasonably available for

inspection by opposing counsel.

      C.     As to each exhibit, each party is ordered to exchange a copy identical to the

Court's copy, or other reproduction of the exhibit(s) in a three-ring binder(s) **no later than one

week before trial.**

      D.     The attorney or representative for each party is directed to present the one copy of

the exhibit(s) and exhibit list to the Court Clerk's Office, **no later than 3:00 p.m., one week

before trial**, or at such earlier time as may be ordered by the Court.  The Court shall be presented

with a copy of the exhibit(s) in a 3-ring binder(s) with a side tab identifying each exhibit by

number or letter. Each binder shall be no larger than three inches in width and have an

identification label on the front and side panel.

      E.     It is the duty of counsel to ensure that witnesses have access to a copy of exhibit(s)

if needed.

**VII.    DISCOVERY DOCUMENTS**

      A.     <u>Lodging Deposition Transcripts and Video Files</u>

      It is the duty of counsel to ensure that any deposition transcripts which are to be used at

trial have been lodged with the Clerk of the Court**.**  Counsel are cautioned that a failure to

discharge this duty may result in the Court precluding use of the deposition or imposition of such

other sanctions as the Court deems appropriate.

      B.     <u>Use of Depositions</u>

      The parties are ordered to file with the Court and exchange between themselves **no later

than one week before trial** a statement designating portions of depositions intended to be offered

or read into evidence (except for portions to be used only for impeachment or rebuttal).

///

C. Interrogatories and Admissions

 The parties in their pretrial statement have already identified the portions of Answers to Interrogatories and Admissions which the respective parties intend to offer or read into evidence at the trial (except portions to be used only for impeachment or rebuttal).

## VIII. FURTHER DISCOVERY OR MOTIONS

 Pursuant to the Court's Pretrial Scheduling Order, all discovery and law and motion was to have been conducted so as to be completed as of the date of the Final Pretrial Conference. That Order is confirmed.  The parties are free to engage in informal agreements regarding discovery and law and motion matters. However, any such agreements will not be enforceable in this Court.

## IX. AUDIO/VISUAL EQUIPMENT

 The parties are required to file electronically a joint request to the Courtroom Deputy Clerk, Michele Krueger, **twenty-one (21) days before trial,** if they wish to reserve and arrange for orientation with all parties on the Court's mobile audio/visual equipment for presentation of evidence.  There will be one date and time for such orientation.

## X. DATE AND LENGTH OF TRIAL

 Trial is scheduled for **Monday, May 12, 2014**.  The estimated length of trial is three (3) to four (4) days.  Counsel are to email Michele Krueger, Courtroom Deputy Clerk, at mkrueger@caed.uscourts.gov or call 916-930-4163 by **April 21, 2014,** to ascertain the status of the trial date.

## XI. OBJECTIONS TO PRETRIAL ORDER

 Each party is granted **fourteen (14) days** from the entry of this Final Pretrial Order to object to any part of the order or to request augmentation to it.  A Final Pretrial Order will be modified only upon a showing of manifest injustice.  If no objection or modifications are made, this Order will become final without further order of the Court and shall control the subsequent course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: February 7, 2014

Troy L. Nunley
United States District Judge