UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 25 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARY H. PHILLIPS,<br><br>        Plaintiff - Appellant,<br><br> v.<br><br>VICTOR COMMUNITY SUPPORT SERVICES, INC.,<br><br>        Defendant - Appellee. | No. 15-15862<br><br>D.C. No. 2:11-cv-03182-TLN-CMK<br>U.S. District Court for Eastern California, Sacramento<br><br>**MANDATE** |

The judgment of this Court, entered July 03, 2017, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Jessica F. Flores Poblano
Deputy Clerk
Ninth Circuit Rule 27-7

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARY PHILLIPS,<br><br>        Plaintiff - Appellant,<br><br> v.<br><br>VICTOR COMMUNITY SUPPORT SERVICES, INC.,<br><br>        Defendant - Appellee. | No. 15-15862<br><br>D.C. No. 2:11-cv-03182-TLN<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted April 18, 2017
San Francisco, California

Before: RAWLINSON and SCHROEDER, Circuit Judges, and DRAIN,** District Judge.

After a bench trial, the district court found that Mary Phillips ("Appellant"

---

   * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   ** The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

or "Ms. Phillips") failed to show by a preponderance of the evidence that Victor Community Support Services ("Appellee" or "VCSS") discriminated against her in violation of the Americans with Disabilities Act ("ADA"). Ms. Phillips appeals the district court's judgment. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

In examining the district court's decision after a bench trial, we review the district court's findings of fact for clear error and its conclusions of law *de novo*. *Brazil Quality Stones, Inc. v. Chertoff*, 531 F.3d 1063, 1067 (9th Cir. 2008). Here, the Appellant concedes that the district court's findings of facts are not clearly erroneous.

1. The district court properly concluded that Ms. Phillips failed to meet her burden and show that VCSS failed to reasonably accommodate Ms. Phillips due to her disability. "Once an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under the ADA to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations." *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1137 (9th Cir. 2001) (internal citations and quotations omitted). Although the ADA places a continuing duty to accommodate on the employer, the interactive process requires "direct communication between the employer and

employee to explore in good faith the possible accommodations." *U.S. EEOC v. UPS Supply Chain Solutions*, 620 F.3d 1103, 1110 (9th Cir. 2010). Here, the record supports the district court's findings with regard to the break-down in the interactive process that resulted from the Appellant's inadequate effort and lack of communication. Therefore, the district court did not err in finding that VCSS reasonably accommodated Ms. Phillips.

    2. The district court properly concluded that Ms. Phillips failed to meet her burden and show that her disability was a motiving factor in her termination. "[T]he ADA outlaws adverse employment decisions motivated, *even in part*, by animus based on a plaintiff's disability or request for an accommodation—a motivating factor standard." *Head v. Glacier Nw. Inc.*, 413 F.3d 1053, 1065 (9th Cir. 2005) (*abrogated on other grounds by Unit. Of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013)) (emphasis added).

    The district court's findings properly documented how, at every juncture where the Appellant received an adverse employment action, VCSS had a legitimate basis for its actions. For example, prior to her demotion, Ms. Phillips violated VCSS procedure on two occasions. Prior to her termination, Ms. Phillips informed VCSS that she could not perform her scheduled duties because her license had not been renewed.

Additionally, when an issue of credibility arose during trial, the court credited the testimony of VCSS's supervisor and discounted Ms. Phillips' testimony. We give due regard to the trial court's opportunity to judge the witnesses' credibility. *See* FED. R. CIV. P. 52.

Therefore, the Appellant has failed to meet her burden and show by a preponderance of the evidence that VCSS's adverse employee decisions were motivated by animus.

3. The district court properly concluded that Ms. Phillips failed to meet her burden and demonstrate that VCSS retaliated against her for engaging in protected activity. "To establish a prima facie case of retaliation under the ADA, an employee must show that: (1) he or she engaged in a protected activity; (2) suffered an adverse employment action; and (3) there was a causal link between the two." *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004). In this case, Ms. Phillips failed to establish a causal link between her protected activity and the adverse employment actions she suffered. Ms. Phillips' violations of VCSS procedure and failure to timely renew her license—facts that Ms. Phillips omits from her argument—create intervening causes that disrupt any inferences of a direct causal link. Therefore, Ms. Phillips failed to sufficiently establish her retaliation claim.

For the preceding reasons, the trial court properly entered judgment in favor of the Defendant-Appellee.

**AFFIRMED.**